## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES A. BERGMAN and KATHLEEN M. LYNCH on behalf of themselves, and on behalf all others similarly situated**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**UNITED AIRLINES, INC. AND UNITED CONTINENTAL HOLDINGS, INC.**<br><br>**DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs, James A. Bergman and Kathleen M. Lynch, ("Plaintiffs") on behalf of themselves and on behalf all others similarly situated ("the Class"), bring this action against Defendants United Airlines, Inc. and United Continental Holdings, Inc. (collectively "United"). Plaintiffs seek certification of their claims against United as a class action. Plaintiffs, by and through their attorneys, submit this Class Action Complaint (the "Complaint") and allege as follows:

## I.   NATURE OF THE ACTION.

1.   This proposed class action concerns United's violation of Regulation No. 261/2004 of the European Parliament and European Council ("EU Regulation 261"). Under EU Regulation 261, passengers with confirmed reservations on flights departing from an airport in a member state of the European Union are entitled, with certain exceptions described below, to be paid by United a set amount of compensation when their flights are canceled or delayed for three

hours or more. United has failed to honor this right under EU Regulation 261 as to the named

Plaintiffs and the members of the Class. This action seeks damages for the named Plaintiffs and

each member of the Class in the amount established by EU Regulation 261.

## II.     JURISDICTION AND VENUE.

2.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness

Act, 28 U.S.C. § 1332(d).

3.     This case is properly maintainable as a class action pursuant to and in accordance

with Rule 23(a) of the Federal Rules of Civil Procedure in that:

      (a)     The Class is so numerous that joinder of all members is impractical;

      (b)     There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

      (c)     This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

         i.     Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

         ii.     A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

         iii.     The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

         iv.     There are no unusual difficulties foreseen in the management of this class action.

4.     This Court has personal jurisdiction over both Defendants, which have at least

minimum contacts with the State of Illinois because both Defendants have their principal place

of business and headquarters there, have conducted business there, and have availed themselves

of Illinois' markets through their operations, offices, sales, and marketing efforts.

III.     **PARTIES.**

5.     Plaintiffs James A. Bergman and Kathleen M. Lynch are permanent residents of, and domiciled in, the State of Arkansas.

6.     Defendant United Airlines, Inc. is a corporation organized under the laws of Delaware and maintains its principal place of business and headquarters in Illinois at 77 W. Wacker Drive, Chicago, IL 60601. United's Webpage (http://www.united.com/web/en-US/content/Contact/location/default.aspx) (last accessed August 27, 2012), is attached as Exhibit 1. Defendant United Continental Holdings, Inc. is a corporation organized under the laws of Delaware, and it also maintains its principal place of business and headquarters in Illinois at 77 W. Wacker Drive, Chicago, IL 60601. United Airlines, Inc. is a wholly-owned subsidiary of Defendant United Continental Holdings, Inc. Both Defendants share the same executive officers and the same board of directors.

IV.     **FACTUAL ALLEGATIONS.**

A.     **EU REGULATION 261.**

7.     EU Regulation 261 was adopted by the European Parliament and the Council of the European Union on February 11, 2004. A copy is attached hereto as Exhibit 2. The purpose of EU Regulation 261 is, in part, to provide standardized compensation for the "serious trouble and inconvenience" inevitably suffered by all passengers who experience flight cancellations or lengthy delays, particularly on international carrier routes.

8.     Pursuant to Article 3, EU Regulation 261 applies to passengers with confirmed reservations on: (a) flights departing from an airport located in the territory of a member state of the European Union, and (b) flights departing from a country outside the European Union to an airport in the territory of a member state of the European Union, if the operating carrier of the

3

flight concerned is an air carrier with an operating license granted by a member state of the European Union.

9.      Pursuant to Article 5, confirmed passengers on flights covered by Article 3, in case of cancellation of the flight "have the right to compensation by the operating air carrier in accordance with Article 7 of the Regulation unless:  (a) they are informed of the cancellation at least two weeks before the scheduled time of departure; or (b) they are informed of the cancellation between two weeks and seven days before the scheduled time of departure and are offered re-routing, allowing them to depart no more than two hours before the scheduled time of departure and to reach their final destination less than four hours after the scheduled time of arrival; or (c) they are informed of the cancellation less than seven days before the scheduled time of departure and are offered re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival."  Also under Article 3, an "operating air carrier shall not be obliged to pay compensation in accordance with Article 7 if it can prove that the cancellation is caused by extraordinary circumstances which could not have been avoided even if all reasonable measures had been taken."

10.     As set forth in paragraph 15 of the Preamble to EU 261, the exception for "extraordinary circumstances" is very limited and applies only in certain circumstances where the airline can prove the cancellation or delay was caused by political instability, meteorological conditions incompatible with the operation of the flight concerned, security risks, unexpected flight safety shortcomings and strikes that affect the operation of an operating aircraft. Moreover, even the listed events do not "themselves constitute extraordinary circumstances, but only . . . *may* produce such circumstances."  *Wallentin-Hermann v. Alitalia*, European Court of

Justice, Case No C-549/07, Judgment of December 22, 2008, ¶22 (emphasis added) (attached as Exhibit 3). "Extraordinary circumstances" do *not* include technical or mechanical problems except in the rare instances where the airline can prove those problems are due to hidden, inherent manufacturing defects or aircraft damage caused by sabotage"). *Id.* at ¶26 (mechanical problems may constitute extraordinary circumstances only when "it was revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage"); *see also Sturgeon v. Condor Flugdienst GmbH,* European Court of Justice, Case No. C-402/7, Judgment of November 19, 2009 (reiterating that technical problems are not extraordinary circumstances in context of "technical faults on the plane and illness among the crew") (attached as Exhibit 4).

11.     Pursuant to Article 7, passengers eligible under Articles 3 and 5 on flights that were cancelled, "shall receive compensation amounting to:  (a) EUR 250 for all flights of 1500 kilometers or less; (b) EUR 400 for all intra-Community flights of more than 1500 kilometres, and for all other flights between 1500 and 3500 kilometres; (c) EUR 600 for all flights not falling under (a) or (b)."

12.     Article 7 also provides that the operating carrier may reduce the compensation amounts by 50% when "passengers are offered re-routing to their final destination on an alternative flight, the arrival time of which does not exceed the scheduled arrival time of the flight originally booked (a) by two hours, in respect of all flights of 1500 kilometers or less; or (b) by three hours, in respect of all intra-Community flights of more than 1500 kilometers and

for all other flights between 1500 and 3500 kilometers; or (c) by four hours, in respect of all flights not falling under (a) or (b)."

13.     On November 19, 2009, in *Sturgeon v. Condor Flugdienst GmbH* (Exhibit 4), the European Court of Justice ruled that "Article 5, 6 and 7 of Regulation No 261/2004 must be interpreted as meaning that passengers whose flights are delayed may be treated, for the purposes of the application of the right to compensation, as passengers whose flights are cancelled and may thus rely on the right to compensation laid down in Article 7 of the regulation where they suffer, on account of a flight delay, a loss of time equal to or in excess of three hours."

14.     The right to compensation under Articles 5, 6 and 7 of EU Regulation 261 is separate from any right to compensation or damages any passenger may have premised on a separate cause of action under separate law.

**B.     UNITED'S OPERATIONS.**

15.     United is a major air carrier with an operating license granted by the United States.  A significant percentage of United's flights are from approximately 149 airports located in member states of the European Union.  A significant percentage of those flights from an airport located in a member state of the European Union are cancelled, or delayed for three hours or more, for reasons other than extraordinary circumstances.  A significant percentage of the passengers on such delayed or cancelled flights are residents of the United States.

16.     United has repeatedly failed to pay compensation, in the amounts set forth in EU Regulation 261, to passengers entitled to such compensation and who are residents of the United States.

### D. FACTUAL ALLEGATIONS AS TO PLAINTIFFS RELEVANT TO CLASS ACTION CLAIMS.

17.     Plaintiffs James A. Bergman and Kathleen M. Lynch were confirmed passengers on United Flight #UA949, scheduled to depart at 12:20 p.m. local time on July 14, 2012, from London, England, an airport located in a member state of the European Union, to Chicago, Illinois, with continued travel to a final destination of Jackson Hole, Wyoming.

18.     Flight #UA949 was cancelled at 5:42 a.m. (London time). On the way to the airport, Plaintiffs received an email informing them of the cancellation and directing them to contact United for available options.

19.     Plaintiffs did not arrive at their final destination at Jackson Hole, Wyoming until 24 hours after the scheduled arrival time.

20.     Plaintiffs did not receive the compensation of €600 required by EU 261.

21.     The cancellation of Plaintiffs' flight was not caused by extraordinary circumstances.

31.     The cancellation of Plaintiffs' flight was not caused by political instability. Nor was the cancellation caused by meteorological conditions incompatible with the operation of the flight concerned. Nor was the cancellation caused by security risks. Nor was the cancellation caused by a technical or mechanical problem due to a recently revealed, hidden manufacturing defect. Nor was the cancellation due to damage to aircraft caused by acts of sabotage. Nor was the cancellation caused by a strike that affected the operation of the aircraft.

22.     On information and belief, United routinely keeps internal records in a database that includes data on delayed and cancelled flights, including identification of the cause of the delay or cancellation. On information and belief, United retains this data for more than two years. On information and belief, United also periodically reports this data to governmental

7

agencies, consistent with reporting requirements of the U.S. Department of Transportation. (*See* 67 Fed. Reg. 70535 (Nov. 25, 2002) 14 C.F.R. § 234.4) and the Central Office for Delay Analysis, within EUROCONTROL.

23.     As is inevitable for all passengers who experience flight cancellations or lengthy delays, particularly on international carrier routes, Plaintiffs suffered serious trouble and inconvenience due to the cancellation of their flight.

## E.     CLASS ACTION ALLEGATIONS.

24.     Plaintiffs bring this action on their own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25.     Plaintiffs bring this action as class representatives to recover compensation required to be paid under EU Regulation 261.

26.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

27.     Plaintiffs seek certification of the following class:

All persons residing in the United States who meet the following requirements:

(a)  Such person had a confirmed reservation on a flight operated by United Airlines by motorized fixed wing aircraft scheduled to arrive at its destination on or after September 4, 2010;

(b)  Such flight was scheduled to depart from an airport located in the territory of a member state to which the Treaty Establishing the European Community ("Treaty") applies;

(c)  Such flight was delayed or cancelled for a reason other than extraordinary circumstances;

(d)  Such person was informed of the delay or cancellation less than seven days before the scheduled time of departure and was not offered re-routing, allowing them to depart no more than one hour before the scheduled time of departure and to reach their final destination less than two hours after the scheduled time of arrival;

(e)  Such person affected by delay was delayed for at least three hours; and

(f)  Such person has not received compensation in the amount set forth in Article 7 of EU Regulation 261/2004.

28.    Excluded from the Class are:

(a)  Defendant and any entities in which Defendant has a controlling interest;

(b)  Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(c)  The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(d)  All persons or entities that properly execute and timely file a request for exclusion from the Class;

(e)  Any attorneys representing the Plaintiff or the Class; and

(f)  All governmental entities.

29.    Plaintiffs reserve the right to modify or amend the definition of the Class before the Court determines whether certification is appropriate.

30.    The Class is numerously comprised of over 100 people and most likely thousands of people who were passengers on flights operated by United, the joinder of which in one action would be impracticable.  The exact number or identification of the Class members is presently unknown.  The identity of the Class members is ascertainable.  In addition to manifests, databases and rolls maintained by United and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct

9

mail and public notice, or other means. The disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

31. Common questions of law and fact predominate over individual issues. There is a well-defined community of interest in the questions of law and fact involved affecting members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

      a)    Whether EU Regulation 261 requires United to pay compensation to the Class members;

      b)    Whether the "extraordinary circumstances" exception only applies in certain circumstances where the airline can prove that the cancellation or delay was caused by (i) political instability, (ii) meteorological conditions incompatible with the operation of the flight concerned, (iii) security risks, (iv) technical or mechanical problems where it was "revealed by the manufacturer of the aircraft compromising the fleet of the air carrier concerned, or by competent authority, that those aircraft, although already in service, are affected by a hidden manufacturing defect which impinges on the flight safety" or where there was "damage to aircraft caused by acts of sabotage" or (v) strikes that affect the operation of an operating aircraft; and

      c)    Whether United failed to compensate the Class Members in the amounts specified in EU Regulation 261.

32. Plaintiffs assert claims that are typical of the entire Class, having all been entitled to receive financial compensation pursuant to EU Regulation 261 and having not received such compensation. Plaintiffs and the Class members have similarly suffered harm arising from United's failure to pay compensation as alleged in this Complaint.

33. Plaintiffs are adequate representatives of the Class because they fit within the class definition and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs will prosecute this action vigorously for the benefit of the entire Class. Plaintiffs are represented by experienced and able attorneys from law firms that will

collectively and jointly serve as class counsel. Class counsel have litigated numerous class actions, and Plaintiffs' counsel intend to prosecute this action vigorously for the benefit of the entire Class. Plaintiffs and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

34.     A class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Because of the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs identified in this Complaint. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as United continues to fail to compensate passengers as required under EU Regulation 261. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## V.     CLASS CLAIMS.

### COUNT ONE – VIOLATION OF EU REGULATION 261

35.     Plaintiffs restate and re-allege the preceding paragraphs of the Complaint as though set forth at length herein.

36.     EU Regulation 261 requires United to provide specified compensation to Plaintiffs and the Class for cancelled flights and flights delayed for three or more hours, as set forth above.

37.     United has violated EU Regulation 261 by failing to pay such compensation to Plaintiffs and the Class.

VII.     **PRAYER FOR RELIEF.**

**WHEREFORE,** Plaintiffs pray:

A.     That the Court determines that this action may be maintained as a class action

under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class

representatives; and that the best practicable notice of this action be given to members of the

Class represented by the Plaintiffs;

B.     That judgment be entered against United and in favor of Plaintiffs and the Class

on the Cause of Action in this Complaint, for actual, compensatory damages in an amount to be

determined at trial;

C.     That judgment be entered imposing interest on damages, litigation costs, and

attorneys' fees against United; and

D.     For all other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

September 4, 2012                               Respectfully submitted,

                                                Hank Bates
                                                **CARNEY WILLIAMS BATES**
                                                **    PULLIAM & BOWMAN, PLLC**
                                                11311 Arcade Drive, Suite 200
                                                Little Rock, AR 72212
                                                Tel:  (501) 312-8500
                                                Fax:  (501) 312- 8505

                                                Jennifer W. Sprengel
                                                **CAFFERTY CLOBES MERIWEATHER**
                                                **    & SPRENGEL LLP**
                                                30 N. LaSalle Street, Suite 3200
                                                Chicago, IL 60602
                                                Tel:  (312) 782-4880
                                                Fax:  (312) 782-4485

Vladimir M. Gorokhovsky
**GOROKHOVSKY LAW OFFICE, LLC**
6045 North Green Bay Avenue, Suite 2A
Glendale, WI 53209
Tel: (414) 218-1870


BY: <u>/s/ Hank Bates</u>

***Counsel for Plaintiffs and Proposed Class***